IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  ETHICON, INC.,
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION          MDL No. 2327

THIS DOCUMENT RELATES TO:

*Estalene Vance v. Ethicon, Inc., et al.*          Civil Action No. 2:14-cv-27966

## ORDER

Pending before the court is Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson's (collectively "Ethicon") Motion for Sanctions [Docket 5]. For the reasons stated below, Ethicon's Motion for Sanctions [Docket 5] is **DENIED**.

**I.     Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 70,000 cases currently pending, approximately 25,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 17, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* PTO # 17, *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327, entered Oct. 4, 2012, *available at*

http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). The parties jointly drafted the requirements for PTO # 17, and I entered it as applicable to every one of the thousands of cases in this MDL. The instant plaintiff, however, did not comply with PTO # 17 in that she wholly failed to submit a completed PPF. In fact, Ms. Vance died on November 15, 2013. Ethicon now moves for dismissal with prejudice and sanctions.

## II. Discussion

Pursuant to PTO # 17, each plaintiff is required to submit a completed PPF within 60 days of filing a Short Form Complaint. (PTO # 17 ¶ 1b). The purpose of the PPF, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. To this end, PTO # 17 provided that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." (PTO # 17 ¶ 1i).

Here, the plaintiff filed her complaint as part of a multi-party action in Oklahoma on July 13, 2013. Unfortunately, however, Ms. Vance passed away approximately four months later, on November 15, 2013. Approximately eleven months after that, Ms. Vance's case was transferred to the MDL and re-filed on October 15, 2014. Therefore, although Ms. Vance had the capacity to sue when her case was filed in Oklahoma, such capacity, as is determined by her domicile under Federal Rule of Civil Procedure 17(b)(1), expired upon her death. *See* W. Va. Code Ann. § 55-7-8a (providing that, if an action is commenced during the lifetime of a deceased party, it may be revived in favor of the personal representative of the deceased party and prosecuted to judgment and execution against the wrongdoer). Thus, in order for Ms. Vance's claims to survive, they must

brought by a proper party, such as Ms. Vance's personal representative, through compliance with Federal Rule of Civil Procedure 25(a)(1), which provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Notably, the plaintiff will have only 90 days to substitute a party following "service of a statement noting the death." *Id.* Critically, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by . . . the decedent must be dismissed." *Id.* Before that time, in light of the unique circumstances of this case, I **FIND** no reason to address the defendants' request for sanctions.

### III. Conclusion

It is **ORDERED** that Ethicon's Motion for Sanctions [Docket 5] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 26, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE